*T. P. Forman, for appellants.*

---

J. H. MILLER, ET AL. *v.* W. T. INGALLS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—982, as Miller v. Ingells.]

**Rent only Chargeable When Relation of Landlord and Tenant Exists.**
　　One who is the owner of land by parol contract, and is in possession, can not be charged with rent of the premises. Rent is only chargeable where the relation of landlord and tenant exists.

APPEAL.FROM BOURBON COURT OF COMMON PLEAS.

May 1, 1883.

OPINION BY JUDGE PRYOR:

The principal question involved in this case arises out of the claim made by Miller and wife that the appellees should be charged with the rent of the land known as a part of the Vincent farm for the period of eight years, and in support of the claim the appellants, through the administrator, produce an account in which the father of Mrs. Ingalls makes a charge against his daughter of the rents of certain land for the period of eight years. Without analyzing the testimony or reciting all the facts in the record bearing on this branch of the case, it appears that the title to the land was in the

father of Mrs. Ingalls; that he purchased it under a decree of the Bourbon Circuit Court and obtained a conveyance from the commissioner. In explanation of the memorandum made by the intestate in his book of accounts and which is produced as evidence against the appellees, the husband of Mrs. Ingalls says that although the land was conveyed to Vincent, two hundred seventeen acres of it was purchased by him, or for him, and that he entered as purchaser and held and claimed as such until he resold it to his father-in-law.

It is objected that the testimony of Ingalls is incompetent to prove what transpired at the sale made by the commissioner between Ingalls and Vincent, or to prove by him the statements of Vincent made with reference to the purchase and the manner in which he entered. If the entry by Vincent is admitted as testimony it is clear that Ingalls can contradict it, and whether so or not, if the testimony of Ingalls is excluded it satisfactorily appears that he entered as purchaser and not as tenant. The proof is uncontradicted that, during the period he is charged with rent, he erected on this land a brick building and other valuable improvements worth at least $6,000, and that the improvements were paid for by him; and it is unreasonable to suppose that a mere tenant would enter and expend as much money for improvements that were lasting and valuable when his tenancy might expire at the end of any year upon notice to quit. The auctioneer making the sale says the land was purchased for Ingalls, and the members of the family state that the land was afterwards repurchased by the intestate. This is a conceded fact, and if not is established by the proof. If, therefore, he was the owner by parol only when that purchase was made, it must have been made when he entered, and if a parol gift or a parol purchase neither the testator nor his heirs can charge him with rent. *Montjoy v. Maginnis,* 2 Duv. (Ky.) 186. The intestate made payment upon the land to the appellees after his purchase, and it is a little remarkable that such a transaction should take place and the intestate become indebted to his son-in-law, at the time the son-in-law is indebted to him in the sum of $5,000 or $6,000 for rent, or that he should settle with him or leave the heirs to make the charge after his death.

It is evident that Ingalls paid $3,553, the second payment on the land, and that Vincent repurchased it by paying to Ingalls the money he had paid and compensating him for his improvements. The land was sold in the year 1864, and in the year 1870 Ingalls gave to his

father-in-law a receipt for the entire amount. Ingalls paid according to his receipt $3,553 of the purchase-money, and made improvements worth not less than $4,000, sold the land back for $8,000 to the father-in-law, and it is now claimed that Ingalls owes $6,929 for the rent for eight years. This consumes the second payment made by him and all his improvements. The bare statement of the case is a complete answer to the claim for the advancement with reference to this land. Ingalls and wife are charged with $4,300, and this is sustained by the proof. As to the value of the negro girl given to the wife of Ingalls, the commissioner was not compelled to follow the memorandum made by the intestate but had the right to take other proof, even to his own knowledge of the value of the slave at the time, and of the value when fixed the chancellor could pass on when considering the report. We perceive no error in the charge against Miller and wife of advancements, as the proof warranted the judgment. Nor was there any error in requiring the appellants, Miller and wife, to pay their own costs as the court by the judgment required the same thing of Ingalls and wife. They were each required to pay their own costs. There is no error to the prejudice of the appellants and the judgment is *affirmed*.

*W. P. Ross, for appellants.*

*G. C. Lockhart, for appellees.*